23 F.3d 409
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James RAWSON, Defendant-Appellant.
 No. 93-3780.
 United States Court of Appeals, Sixth Circuit.
 April 19, 1994.
 
 Before: NELSON and SILER, Circuit Judges, and HACKETT, District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal from a criminal conviction in a drug case. The defendant pleaded guilty, but reserved his right to challenge the legality of a search warrant through which illegal narcotics, drug paraphernalia, a large amount of currency, and records of drug sales were discovered in the defendant's residence.
 
 
 2
 The defendant's main contentions on appeal are that (1) the warrant was issued without a showing of probable cause to believe that contraband would be discovered if the defendant's residence were searched forthwith, and (2) although there might have been probable cause to believe that contraband would be present in the residence at a later date, the requirements for a valid anticipatory search warrant had not been met. Because we conclude that there was probable cause to believe that incriminating evidence was present in the defendant's residence at the time the warrant was issued, we shall affirm the conviction without reaching the second issue raised by the defendant.
 
 
 3
 * In 1992, a Federal Bureau of Investigation task force was investigating the Barbarian Motorcycle Club as part of a larger probe into narcotics distribution in southeastern Ohio and northern West Virginia. The defendant, James Rawson, was a member of the club. A former member who had been arrested for automobile theft agreed to provide the authorities with information on the drug-dealing activities of various persons, including Mr. Rawson. The informant told William Beatty, a member of the FBI task force, that he worked for Mr. Rawson as a drug courier. The informant stated that he regularly took cash from Mr. Rawson at his home near Knoxville, Ohio, to a drug supplier in Youngstown, Ohio. In exchange for the money, the supplier would hand over from three to six ounces of cocaine which the informant would deliver to Rawson. These transactions had occurred, said the informant, on a weekly basis over a period of four months.
 
 
 4
 On October 12, 1992, shortly after the informant began cooperating with the authorities, Officer Beatty recorded a telephone conversation between the informant and Mr. Rawson. In the course of the conversation Rawson stated that the "transmission" was ready and that the informant could pick it up on Wednesday, October 14, 1992. The informant explained to Officer Beatty that the term "transmission" was a code Rawson used to signify that he had a sum of money ready for the informant to take to Youngstown. Although Mr. Rawson ran an automobile repair business out of his home, the informant did not have a car at Rawson's shop for repair.
 
 
 5
 On October 13, 1992, Officer Beatty prepared an application for a warrant to search Mr. Rawson's property. In an affidavit accompanying the application, Officer Beatty stated that he had been a law-enforcement official for twenty-four years and had investigated violations of the drug laws over the past twenty-three years. Officer Beatty said that his years of experience in narcotics investigations led him to believe that persons involved in illegal drug activity often stored evidence of such activity at their homes, and that such evidence could include records, currency, and paraphernalia, as well as illegal narcotics themselves. The affidavit then recited the informant's allegation that he had been employed over a period of four months as a cocaine courier for Mr. Rawson. The affidavit stated the name of the individual in Youngstown from whom the courier received cocaine, and the location of the supplier's residence was given. The affidavit stated that both Mr. Rawson and the informant were members of the Barbarian Motorcycle Club, a fact that Officer Beatty had confirmed by reviewing sworn testimony given in a related drug case in West Virginia.
 
 
 6
 The affidavit went on to describe the conversation that had been recorded between the informant and Rawson, noting the informant's explanation that "the transmission" meant Rawson had a quantity of money ready to be taken to the supplier in Youngstown. The affidavit reported that the cocaine was to be delivered to Rawson at his Knoxville residence on October 14, 1992, and stated that independent witnesses had confirmed that Rawson lived in a two-story blue frame house in Knoxville. It was clear from the recorded conversations, the affidavit said, that the informant and Rawson knew each other very well.
 
 
 7
 Officer Beatty swore that he believed the informant's allegations to be accurate because they were corroborated by the details of two recorded telephone conversations between the informant and Rawson. The informant's allegations of Rawson's criminal activities were also supported by phone records showing numerous calls between Rawson's home telephone and those of the conspirators in the West Virginia case. Moreover, the affidavit continued, the informant's claim of being a drug courier was supported by the fact that at the time of the informant's arrest for auto theft, he had been carrying a ledger containing the name and pager number of the individual identified as Rawson's cocaine supplier in Youngstown.
 
 
 8
 Based on Officer Beatty's affidavit, a federal magistrate judge issued a search warrant on the evening of October 13, 1992. The next day, after the informant had delivered cocaine to Mr. Rawson at his home, federal agents executed the search warrant. They discovered eighteen kilograms of marijuana, two ounces of cocaine, a cutting agent used to dilute pure cocaine, drug paraphernalia including a heating block used to determine drug purity, records of drug transactions, $22,000 in cash, and a number of weapons.
 
 
 9
 After his motion to suppress this evidence was denied, Mr. Rawson pleaded guilty to conspiring to distribute marijuana and cocaine, in violation of 21 U.S.C. Sec. 846, and to possessing marijuana and cocaine with intent to distribute them in violation of 21 U.S.C. Sec. 841(a)(1). He was sentenced to imprisonment for 30 months and five years of supervised release, and he was fined $5,000.
 
 II
 
 10
 A court should apply a deferential standard when reviewing a magistrate judge's finding of probable cause. Illinois v. Gates, 462 U.S. 213, 236 (1983). A reviewing court may not review the magistrate judge's conclusion de novo. Id. If a reviewing court determines that the magistrate judge had a "substantial basis for concluding that a search would uncover evidence of wrongdoing," then the warrant must be upheld. Id. In examining an affidavit to determine whether it supports a finding of probable cause, a totality-of-the-circumstances test is used. Probable cause is present when, "given all the circumstances set forth in the affidavit ... including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id. at 238. An affidavit should be considered in its entirety in reviewing a magistrate judge's finding of probable cause. Massachusetts v. Upton, 466 U.S. 727, 732 (1984). It is error for a reviewing court to "insist[ ] on judging bits and pieces of information [in the affidavit] in isolation" from other circumstances set forth in the document. Id. at 732.
 
 
 11
 Where an informant's motives may be suspect, an "explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed firsthand, entitles his tip to greater weight than might otherwise be the case." Gates, 462 U.S. at 234. Moreover, "corroboration of major portions" of an informant's tip generally will be a sufficient indicator of the informant's veracity to support a magistrate judge's finding of probable cause.
 
 
 12
 The issuance of the search warrant in this case on October 13 was supported by probable cause, in our view. The affidavit gave the magistrate judge ample grounds upon which to conclude that contraband or evidence of crime would probably be discovered if Mr. Rawson's property were to be searched on the 13th. The affidavit stated that the informant regularly had transported cocaine and money for Mr. Rawson over an extended period of time, allowing the inference that contraband was probably present in Mr. Rawson's residence. The taped phone conversation between Rawson and the informant provided good reason to believe that large quantities of currency would be found. The informant further stated that numerous firearms were present in Rawson's garage, and the affidavit provided grounds for believing the informant's allegations to be true: the informant gave a detailed description of the site in Youngstown where he received drugs on Rawson's behalf, the taped conversations corroborated the informant's claims of being a regular criminal associate of Rawson, and the beeper number of the Youngstown cocaine source found on the informant at the time of his prior arrest tended to support his story. Further independent corroboration of the informant's allegations was supplied by Officer Beatty's examination of the records in a related drug case, where court testimony provided grounds for believing Rawson to be involved with the Barbarian Motorcycle Club, whose members were engaged in illegal narcotics-related activity. The totality of the circumstances set forth in the affidavit gave the magistrate judge reasonable grounds to believe that Mr. Rawson was regularly and continuously engaged in illegal drug-related activity, and that a search of his home and business would probably uncover evidence of such conduct.
 
 
 13
 We reach this conclusion despite the fact that the affidavit stated that the informant's next delivery of cocaine to Rawson was not to occur until October 14, the day after the evening on which Officer Beatty presented the application for the warrant to the magistrate judge. Even though the cocaine delivery was to occur the next day, there was probable cause for the magistrate judge to believe that other evidence of crime would be present that evening, including currency, firearms, drug records and drug paraphernalia. Therefore, we need not address Mr. Rawson's contention that the warrant was an anticipatory search warrant that failed to meet the requirements for such a warrant.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The Honorable Barbara K. Hackett, United States District Judge for the Eastern District of Michigan, sitting by designation